*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
MONAHAN, STEPHENS, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Austin R. KELLETT**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 202000178**

Decided: 25 November 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Stephen F. Keane (arraignment)
Jeffrey V. Munoz (trial)

Sentence adjudged 23 April 2020 by a special court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 100 days, forfeiture of $1,155.00 pay per month for 4 months, and a bad-conduct discharge.

For Appellant:
*Captain Thomas P. Belsky, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Uniform Code of Military Justice arts. 59, 66, 10 U.S.C. §§ 859, 866.

The findings and sentence are **AFFIRMED**.[1]

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[1] We note that the civilian trial defense counsel [CDC] was not sworn by either military judge as required by Dep't of the Navy, Judge Advocate General Instr. 5800.7F, Manual of the Judge Advocate General, para. 0130.a(3) (Ch-3, Mar. 30, 2020). However, CDC was a retired O-5 Marine judge advocate who was previously certified in accordance with Article 27(b), UCMJ, and sworn in accordance with Article 42(a), UCMJ. Under these circumstances, we find that CDC was qualified in accordance with Article 38(b), UCMJ, and Rule for Courts-Martial 502(d)(2)(B) and discern no prejudice. We thus find it unnecessary to take corrective action.